UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TONY DOIRELLE LEWIS,

    Plaintiff,

v.                                                        Case No. 2:15-cv-202
                                                          HON. GORDON J. QUIST

ROBERT AXLEY, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed "Plaintiff's Brief In Support of Motion For a TRO and Preliminary Injunction" (ECF No. 23). Defendants Robert Axley, Patrick Dabb, Peter Yon, and Thomas Hamel have filed a response (ECF No. 29). Plaintiff filed this complaint asserting claims of retaliatory harassment for filing grievances.

Plaintiff's request for injunctive relief asserts that he is being denied access to the courts by individuals employed by the MDOC who are not Defendants in this case. Plaintiff asserts that he submitted a disbursement to make copies of his brief in opposition to a summary judgment motion in case number 2:13-cv-327 to ARUS Mrs. Loop on August 17, 2016.[1] Plaintiff alleges that he was told by Mrs. Loop that she was not going to help him sue anyone. Plaintiff further alleges that he was denied free writing materials in violation of department policy. Plaintiff complains that he was not given enough law library time, despite having deadlines to meet.

Additionally, Plaintiff complains that accountant M. Menguzzo conspired with other staff to deny access to the courts by wrongfully removing excessive amounts from Plaintiff's

---

[1] It is noted that Case 2:13-cv-327 is currently pending before the Court and Plaintiff filed a timely response to the motion for summary judgment in that case.

prison account. Plaintiff also asserts that prison staff have issued him false misconduct tickets. Plaintiff states that he is entitled to a temporary restraining order and preliminary injunction granting him additional law library time for legal research and providing him with writing materials, legal envelopes, and copies of his legal documents. Alternatively, Plaintiff seeks 30 extra days to meet all filing deadlines. Plaintiff has attached a proposed order which asks that this Court order MDOC Director Heidi E. Washington, Warden Mrs. Kathy Olson, ARUS Mrs. Loop, Lt. Mr. Sorensen, Lt. Mr. Busch, Library tech. Mrs. T. Hill, and Library tech. Mrs. Hand show cause why a temporary restraining order and preliminary injunction should not enter.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is

appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights. Plaintiff has made no attempt to show that any of the named Defendants retaliated against him. More importantly, Plaintiff's request for injunctive relief is unrelated to his underlying lawsuit, and Plaintiff has not claimed that any of the named Defendants are involved in the alleged denial of his access to the courts. The Court lacks personal jurisdiction over individuals that are not Defendants in this lawsuit. *Kroger Co. V. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006); *County Security Agency v. Ohio Dept. of Commerce*, 296 F.3d 477, 483 (6th Cir. 2002). The issuance of an injunction against a party not served with process is improper. *Id*. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion (ECF No. 23) for injunctive relief be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      October 24, 2016                           */s/ Timothy P. Greeley*
                                                                    TIMOTHY P. GREELEY
                                                                    UNITED STATES MAGISTRATE JUDGE